UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN SPEARS,<br><br>    Plaintiff(s),<br><br>    v.<br><br>LITTON LOAN SERVICING LP and DOES 1 through 6, INCLUSIVE,<br><br>    Defendant(s). | No. C10-4873 BZ<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

    Before me is defendant's motion to dismiss plaintiff's complaint.[1] In her complaint, plaintiff alleges the following five causes of action against defendant[2]: (1) fraud; (2) wrongful foreclosure; (3) breach of implied covenant of good

---

[1] All parties have consented to my jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

[2] Plaintiff's complaint alleges that defendant is the mortgagor of her loan, but defendant identifies itself as the servicer of the loan. According to defendant, New Century Mortgage Corporation is the original lender, trustee, and beneficiary, and the foreclosure sale of plaintiff's home was initiated by the substituted trustee, First American Loanstar Trustee Services.

1

faith and fair dealing; (4) intentional misrepresentation; and (5) negligent misrepresentation.

The crux of plaintiff's complaint is that defendant represented it would evaluate plaintiff's application for a mortgage loan modification under the Home Affordable Modification Program (HAMP) but did not do so. Plaintiff began working with defendant to modify her loan in the Spring of 2010. On June 2, 2010, defendant notified plaintiff by letter that it would evaluate her loan modification application and that this may take up to 30 days. The next day, plaintiff received a letter from defendant that her application was denied because plaintiff's home was not her primary residence.[3] Plaintiff claims this was not true, and that defendant never intended to evaluate her application. Plaintiff's home was eventually sold at a foreclosure sale in August 2010. Because defendant failed to evaluate plaintiff's application even though it had represented it would, plaintiff claims defendant is liable for fraud, intentional misrepresentation, and negligent misrepresentation.

In its motion to dismiss, defendant argues that it never agreed to modify plaintiff's loan and is not required to do so. But this argument misses the point. Plaintiff is not claiming that defendant was required to modify her loan. Rather, plaintiff alleges defendant misrepresented that it would evaluate her loan modification application. To support

---

[3] Defendant's motion to dismiss explains that plaintiff's application was denied because her home was a rental and not an owner-occupied single family residence.

2

her claim, plaintiff cites that defendant denied her application by letter dated one day after it notified her in writing that it would evaluate it. Plaintiff contends the reason for this denial was false because her home was her primary residence. As required when evaluating a motion to dismiss, I accept plaintiff's allegations as true and draw all reasonable inferences in her favor. See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). Accordingly, plaintiff's claim that defendant represented it would evaluate her application without ever having the intention to do so states valid causes of action for fraud, intentional misrepresentation, and negligent misrepresentation.[4]

However, as defendant pointed out in its Reply and argued at the hearing, the complaint glosses over the issues of plaintiff's reliance on any misrepresentation and how she was damaged. In part, this may be due to facts which have changed since the complaint was filed. Accordingly, plaintiff shall amend these causes of action by **February 22, 2011.**[5]

Plaintiff's also sues for wrongful foreclosure under California Civil Code § 2924. This statute requires the

---

[4] Defendant also argues that there is no private cause of action under HAMP, and plaintiff has not established that she would even be eligible for a loan modification. These arguments are also unpersuasive. Plaintiff is seeking relief for defendant's false representations regarding the evaluation of her application; she is not suing under HAMP.

[5] Plaintiff's fraud cause of action otherwise satisfies the heightened pleading requirement of FRCP 9(b). The complaint sufficiently alleges that in 2010 defendant made false representations to plaintiff that misled her into believing her loan modification application would be evaluated.

3

recording and service of a notice of default and a notice of trustee's sale in a non-judicial foreclosure sale. See Knapp v. Doherty, 123 Cal.App.4th 76, 86-89 (2004). Plaintiff alleges that she was not served with either of these notices and therefore the foreclosure sale was improper. In its motion to dismiss, defendant concedes that both recording and service is necessary (Opp. at 7), but argues that it is not required for plaintiff to actually receive these notices. Although this is a true statement of the law,[6] defendant again misses the point behind plaintiff's allegation. Plaintiff did not allege lack of notice; she alleged that defendant did not serve both notices as required by the provisions governing non-judicial foreclosures. Drawing all reasonable inferences in plaintiff's favor, her claim that defendant never served these notices is sufficient to state a valid cause of action for violations of Civil Code § 2924.[7]

Plaintiff's last cause of action is for breach of the implied covenant of good faith and fair dealing. She alleges defendant agreed to evaluate her loan modification application but then failed to honor this agreement with the required good faith. Defendant's motion to dismiss argues this was an oral agreement and is unenforceable under the statute of frauds.

---

[6] See Knapp, 123 Cal.App.4th at 88-89 ("We pointedly emphasize, however, that Civil Code sections 2924-2924h, inclusive, do not require actual receipt by a trustor of a notice of default or notice of sale") (internal citations and quotations omitted).

[7] Although defendant provides verification that it recorded the notice of default and notice of trustee's sale, it does not attempt to establish by declaration or judicial notice that either of these documents were served.

4

1  Although plaintiff's opposition does not address this issue,
2  her complaint alleges that defendant wrote plaintiff a letter
3  stating that it would evaluate her application.  At the
4  pleading stage, it is not clear that this writing is not a
5  sufficient "note or memorandum" within the meaning of the
6  Civil Code § 1624.  That said, defendant's arguments as to
7  damages and consideration are well taken.  Plaintiff shall
8  amend this claim by **February 22, 2011.**

9  For the foregoing reasons, defendant's motion to dismiss
10 is **GRANTED, IN PART,** with leave to amend.  In proceeding, both
11 parties shall keep in mind the views about this case which the
12 Court expressed during argument.
13 Dated: February 3, 2011

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\SPEARS V. LITTON LOAN\ORDER DENYING MOTION TO DISMISS.FINAL RULING.wpd

5